IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FELIPE NERY GOMEZ, ) | |
| ) | |
| Debtor. ) | |
| ------------------------------------------------------------ ) | Case No. 25 C 954 |
| ) | |
| FELIPE NERY GOMEZ, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| THE LIVING TRUST OF SANDRA ) | |
| WEISENTHAL GOMEZ, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Felipe Gomez, representing himself, has appealed from the bankruptcy court's January 27, 2025 decision dismissing his adversary proceeding on the ground that he lacked authority to assert the claims. For the reasons stated below, the Court affirms the bankruptcy court's decision.

### Background

Felipe Gomez filed for bankruptcy on March 7, 2023. That bankruptcy proceeding has been heavily litigated. Relevant here, Gomez initiated an adversary proceeding against The Living Trust of Sandra Weisenthal Gomez[1] on May 8, 2024.

---

[1] It appears from Gomez's adversary complaint that Sandra Weisenthal Gomez is his late mother. See Adversary Compl. ¶ III.C.1. The name "Weisenthal" is spelled

The adversary proceeding sought an order directing the Living Trust to disclose certain information, turn over certain property, pay compensatory and punitive damages of at least $100,000, and indemnify Gomez for potential liability. The Living Trust filed a motion to dismiss. On January 27, 2025, the bankruptcy court dismissed the adversary proceeding, without prejudice, on the ground that the claims at issue belong to Gomez's estate and thus Gomez did not have standing to assert them. Gomez has appealed the bankruptcy court's January 27, 2025 order.[2]

## Discussion

In considering Gomez's appeal, the Court reviews the dismissal of a bankruptcy adversary proceeding *de novo*. *In re Consol. Indus. Corp.*, 360 F.3d 712, 716 (7th Cir. 2004). Under this analysis, the plaintiff's allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

Generally, a person "cannot sue in a federal court to enforce someone else's

---

differently in different places in the record; the Court is following the spelling used in the adversary complaint and the bankruptcy judge's decision.

[2] Based on the briefing schedule set by the Court, any reply in support of Gomez's appeal was due June 30, 2025. Gomez did not file a reply and did not seek an extension of time. Instead, Gomez filed a motion to strike the Living Trust's response brief on July 7, 2025. In his motion, Gomez stated that he could not file a reply because the response brief was a copy of the Living Trust's arguments to the bankruptcy court and did not respond to his arguments. The authority Gomez cited in the motion does not support striking the Living Trust's brief. The brief addresses the issue before this court: whether the bankruptcy court erred in dismissing Gomez's adversary proceeding because he lacks standing to pursue claims that belong to his bankruptcy estate. Therefore, the Court denies Gomez's motion to strike, and by failing to file a reply he has waived any arguments he may have asserted in reply to the Living Trust's brief.

2

legal rights." *MainStreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 746 (7th Cir. 2007). Additionally, "[t]he public policy goal of 'swift and efficient' administration is 'achieved primarily by narrowly defining who has standing in a bankruptcy proceeding.'" *In re Adams*, 424 B.R. 434, 437 (Bankr. N.D. Ill. 2010) (quoting *In re Richman*, 104 F.3d 654, 657 (4th Cir. 1997)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (explaining that the goal of the bankruptcy court is to deal "efficiently and expeditiously" with all matters related to a bankruptcy estate).

Gomez does not dispute that the claims he advanced in the adversary proceeding relate to conduct that occurred before he filed his bankruptcy petition. The Bankruptcy Code defines property of the debtor's estate to include "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The claims asserted in the adversary proceeding are therefore the estate's property—not Gomez's. *See* 11 U.S.C. § 541(a)(1); *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413–14 (7th Cir. 2006). As a result, Gomez lacks standing to assert the claims. *Charles v. Anna-Jonesboro Nat'l Bank*, No. 22-3261, 2023 WL 6818643 (7th Cir. Oct. 17, 2023); *see also Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997) (plaintiff lacked standing to pursue claims that accrued before plaintiff filed a bankruptcy petition). The bankruptcy court did not err when it dismissed the adversary proceeding on the ground that Gomez lacked authority to assert the claims.

Gomez's arguments to the contrary lack merit. Gomez first argues that the bankruptcy court erred by failing to *sua sponte* join the trustee of the estate. To support this argument, Gomez selectively quotes a portion of Federal Rule of Civil Procedure 17(a)(3): a "court may not dismiss an action for failure to prosecute in the name of the

3

real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). This argument is waived or forfeited because Gomez failed to raise it before the bankruptcy court. *United States v. Gibbs*, 130 F.4th 619, 621 (7th Cir. 2025). The argument also fails on the merits. Gomez cites no authority to support the proposition that the bankruptcy court had a duty to *sua sponte* substitute or join the trustee. Indeed, Rule 17(a)(3) does *not* establish such a requirement. *Dillon v. Vill. of Flossmoor*, 769 F. App'x 371, 374 (7th Cir. 2019) (affirming the district court's dismissal of the case after it denied the plaintiff's request for additional time to substitute a party under Rule 17(a)(3)). The language Gomez quotes was added "simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure [sic] generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17, Notes of Advisory Committee—1966 Amendment.

In *Dillon,* the plaintiff maintained that he was the real party in interest and never said what entity he would like to substitute as plaintiff, and the corporation that might be the real party in interest never sought to participate in the legislation. *Id*. at 373. The district court denied the plaintiff's request for additional time to substitute a party under Rule 17(a)(3) and dismissed the case. *Id*. at 374. The Seventh Circuit affirmed. *Id.* As in *Dillon*, Gomez did not seek to substitute the trustee and points to no efforts by the trustee to join the case. Gomez initiated his adversary proceeding on May 8, 2024. He had nine months between the initiation of the case and the bankruptcy court's dismissal. This was a reasonable amount of time for Gomez to ask the bankruptcy court to substitute the trustee as plaintiff, or for the trustee to request joinder. Thus even if he

4

did not waive this argument, it would not save his case.

Gomez next argues that he exempted the claims for other litigation from his bankruptcy estate and therefore has standing to pursue them. This argument, however, takes issue with a December 29, 2023 order from the bankruptcy court. Gomez has not appealed that order. Thus Gomez's argument that he has a pecuniary interest in certain *other* lawsuits that are part of his bankruptcy estate has no bearing on the Court's analysis of whether he has standing to pursue the claims asserted in *this* adversary proceeding.

Finally, Gomez argues that the bankruptcy court erred because the Federal Rules of Civil Procedure and the Bankruptcy Code do not include the words "sole" or "exclusive" standing. Gomez goes on to argue that the language of the statute should control rather than "court made federal common law." Gomez's argument recognizes that, under binding Seventh Circuit law, claims that accrued before a debtor files a bankruptcy petition belong to the bankruptcy estate and may be brought only by the trustee. Gomez asks the Court to disregard established Seventh Circuit law. The Court will not do so.

Gomez's other arguments relate to the merits of his claims in the adversary proceeding. The potential merit of these claims is beside the point, because Gomez lacks standing to assert them.

## Conclusion

For the reasons stated above, the Court affirms the bankruptcy court's January 27, 2025 ruling and denies Gomez's motion to strike [dkt. no. 17]. The Court directs the

5

Clerk to enter judgment stating: The decision of the Bankruptcy Court is affirmed.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 29, 2025